# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
## 2:10 CR 16

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| KENNETH NOLAN MILLSAPS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a Violation Report (#60) filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his prehearing release. At the call of this matter, it appeared that Defendant was present with his counsel, Jeffrey W. Gillette, and the Government was present through AUSA Don Gast. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of this matter, Defendant, by and through his attorney, denied the allegation contained in the Violation Report.

Defendant is serving a term of supervised release as a result of his plea of guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §

1

922(g)(3) and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On July 19, 2016 a Petition (#52) was filed by the United States Probation Office alleging that Defendant had violated terms and conditions of his supervised. After an initial appearance hearing for Defendant, the undersigned entered an Order (#58) releasing Defendant on terms and conditions of prehearing release. Those conditions included the following:

(1) Defendant must not violate any federal, state or local law while on release.

(8)(p) Defendant refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

U.S. Probation Officer Justin Adams was called as a witness for the Government. Officer Adams testified that on August 8, 2016 he requested that Defendant submit to an urinalysis test. Officer Adams took the sample and provided it to Jenny Leiser, who is a chemist with the United States Probation Office for the Western District of North Carolina. A preliminary analysis made by Ms. Leiser showed that the sample tested positive for use of amphetamine. The sample was then sent to the Alere testing facility in Richmond, VA for more definitive testing, but the sample could not be tested due to there being a lack of sufficient urine that

could be tested. On August 24, 2016, Officer Adams returned to the home of Defendant and requested that Defendant again submit a sample for testing. Officer Adams forwarded the sample to Ms. Leiser and the sample tested positive for Defendant's use of amphetamines. The sample was then forwarded on to Alere testing in Richmond, VA for further more definitive testing. The test results showed positive for Defendant's use of methamphetamine.

Jenny Leiser was called as a witness for the Government and testified that she is the drug lab manager for the United States Probation Office for the Western District of North Carolina. In regard to the August 24, 2016 sample, Ms. Leiser testified that the more definitive testing showed that Defendant tested positive for the use of D-methamphetamine. Ms. Leiser testified there are two types of methamphetamine; one being L-methamphetamine which is derived from legally obtained and prescribed methamphetamine, and the other type is D-methamphetamine, which is illegally produced methamphetamine which is not prescribed by physicians. Ms. Leiser testified upon cross-examination that none of the medications that Defendant had reported he was taking, nor over the counter medications, Zantac or Robitussin, would cause a positive result for the use of D-methamphetamine.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer

shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

>   (1)   finds that there is----
>       (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>       (B) clear and convincing evidence that the person has violated any other condition of release; and
>   (2)   finds that ---
>       (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>       (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
>   If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence there is probable cause to believe that Defendant committed a federal or state crime while on release. Defendant has testified positive for illegally manufactured methamphetamine. The possession and consumption of methamphetamine is a felony under federal law, 21 U.S.C. 844(b)(1)(C), and is a felony under state law. N.C.G.S. § 90-95(a)(3).

Due to the fact there is probable cause to believe that Defendant has committed both a federal and state felony, a rebuttable presumption arises pursuant to 18 U.S.C. § 3148 that no condition or combination of conditions would assure

that Defendant would not pose a danger to the safety of any other person or the community.  There has further been shown by clear and convincing evidence that Defendant violated the condition of release that required him to refrain from use or unlawful possession of a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner.  The result of the testing for Defendant showed he had used illegally manufactured and obtained methamphetamine.  Illegally manufactured methamphetamine is not a drug which is prescribed by a licensed medical practitioner.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community.  Indeed, Defendant's continued use of methamphetamine would create a danger to Defendant himself.  It is the opinion of the undersigned that based upon Defendant's actions, it is unlikely Defendant will abide by any condition or combination of conditions of release.  As a result of the above referenced findings, the undersigned has determined to enter an order revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

# ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and the terms and conditions of prehearing release are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: October 11, 2016

Dennis L. Howell
United States Magistrate Judge